(C.D. 4871)

BROWNING METALS CORP., PLAINTIFF, v. UNITED STATES, DEFENDANT

Court No. 79–8–01340

(Decided August 15, 1980)

*Mandel & Grunfeld* (*Steven P. Florsheim* on the memorandum) for the plaintiff.
*Alice Daniel,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation (*Susan C. Cassell* on the memorandum), for the defendant.

WATSON, Judge: This dispute involves imported stainless steel wire coated with a plastic substance intended to act as a lubricant in the manufacture of the wire into helical springs. The wire was classified as round wire of alloy steel under item 609.45 of the Tariff Schedules of the United States (TSUS) and assessed with duty accordingly.[1]

Plaintiff claims classification as other wire covered with nonmetallic material under item 642.97 of the TSUS, dutiable at the rate of 8.5 percent ad valorem. Although the claim has some literal plausibility it quickly founders on a crucial headnote relating to the item under which the wire was classified. Headnote 1 to part 2 of schedule 6 states the provisions of part 2 apply to products "whether or not (they) have been subjected to treatments to improve the properties or appearance of the metals or to protect them against rusting, corrosion or other deterioration." The headnote goes on to list a wide variety of treatment including "coating with enamel, paint, lacquer, or other nonmetallic substances * * *." Plaintiff argues for a fine distinction between coatings which protect against the ravages of

---

[1] 10.5 percent ad valorem plus 0.75 cent per pound on the chromium content in excess of 0.2 percent pursuant to item 607.01 of the TSUS, as prescribed by headnote 4, subpart B, part 2, schedule 6.

nature and those which protect against the stresses of manufacture. However, the court does not read this subtle distinction in the headnote and considers it an artificial and strained reading. The simpler and more realistic approach is that the headnote intends to speak of all coatings of a protective nature. It follows that wire coated to protect it from the stresses of manufacture remains correctly classifiable in part 2 of schedule 6 under item 609.45.

The part 3 provision claimed by plaintiff for other wire covered with nonmetallic material must obviously be construed in harmony with the wire provisions of part 2. The headnote under discussion takes care to specifically exclude the items named in the claimed provision from part 2 of schedule 6. But plaintiff has failed to demonstrate why the claimed provision for covered wire would be a more accurate classification of the imported wire. No special or peculiar commercial meaning has been proven which would remove the coated wire from the provision in which it was classified. Obviously, in an abstract and literal sense all coated wire is covered. But such classification for the imported wire would make headnote 1 of part 2 entirely meaningless. For the moment it suffices to say that the wire covered with nonmetallic material of item 642.97 is wire other than that which is coated within the meaning of headnote 1. The implications of specific types or methods of "coating" or "covering" wire will have to be examined in this context as they arise.

For the reasons expressed above, plaintiff's claim must be rejected and judgment issued for the defendant.